THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT W. BAILLIE, Appellant, *v.* JOHN J. SCANNELL, Fire Commissioner of the City of New York, Respondent.

*People ex rel. Baillie* v. *Scannell*, 36 App. Div. 629, reversed.
(Argued January 10, 1899; decided February 28, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 9, 1898, affirming an order denying a motion for a writ of mandamus commanding the respondent to reinstate the relator in the place of oil collector in the fire department of the city of New York.

*Julius M. Mayer* for appellant.

*Theodore Connoly* for respondent.

Order reversed and proceedings remitted to the Special Term, with costs, on opinion in *People ex rel. Fleming* v. *Dalton* (158 N. Y. 175).

All concur, except GRAY, J., who reads opinion for affirmance, and O'BRIEN, J., who concurs with GRAY, J.

GRAY, J. (dissenting). This case was heard at the same time with that of *Terry* (158 N. Y. 187), and differs from it, only, in the respect that Baillie, at the time of his removal, in July, 1898, was holding a position which had been classified, under the rules of March 5th, 1898, as one to be filled by competitive examination. Like Terry, he had been employed under the government of the former city of New York and, pursuant to the provisions of the new Greater New York charter, was transferred to employment in the new city. His position, prior to March 5th, 1898, had been placed in the competitive class and it remained within that class under the rules

and regulations adopted on that date. He was removed without a hearing, for the reason, as stated in the order, of "his services being no longer required." This was not contrary to any of the rules of March 5th and, therefore, was lawful, unless some restriction was imposed by the legislature. But for reasons stated in the *Leet* and *Terry* cases, I think that the act of 1898 did not apply to the Greater New York charter.

The order appealed from should be affirmed.